IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

AUG 2 9 2014

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

PPE CASINO RESORTS MARYLAND,        *
LLC, d/b/a/ MARYLAND LIVE!
CASINO                              *

            Plaintiff              *

        vs.                         *    CIVIL ACTION NO. MJG-14-2705

HELENA WONG                         *

            Defendant              *

*       *       *       *       *       *       *       *       *

MEMORANDUM AND ORDER
RE: PRELIMINARY INJUNCTION

The Court has before it Plaintiff's Motion For Temporary
Restraining Order and Preliminary Injunction [Document 2] and
the materials submitted relating thereto.  The Court has held a
hearing, including the taking of evidence, and had the benefit
of the arguments of counsel.

        The Court hereby supplements the State of reasons set
forth on the records of proceedings held this date.

    To obtain a preliminary injunction, Plaintiff must make a
clear showing:

        (1)    That it will likely succeed on the merits at
               trial;

        (2)    That it is likely to be irreparably harmed absent
               preliminary relief;

        (3)    That the balance of equities tips in its favor;
               and

(4)     That an injunction is in the public interest.

Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7,

20 (2008); Centro Tepeye v. Montgomery County, 722 F. 3d 184

(4th Cir. 2013).

On the evidence now of record, the Plaintiff has met its

burden of establishing a significant likelihood of success on

the merits as to at least one of its claims, that is, that the

Defendant's acknowledgement of the confidentiality provision in

the employee's handbook created an obligation on her part.

Thus, she would not be able to use confidential customer

information, including email addresses, obtained in the course

of her employment information.  For at least some of the

recipients of the solicitation email issue, the email address

was obtained by Defendant in the course of her employment and at

least the email addresses were recorded for use in the course of

the Plaintiff's business.

The balance of equities can include the Court's considering

(1) any irreparable harm that would be sustained by Plaintiff if

a preliminary injunction or TRO turns out to be erroneously

denied against Defendant, (2) any irreparable harm that would be

sustained by the Defendant if a preliminary injunction turns out

to be erroneously granted.  The Court finds that the balance of

2

equities favors the Plaintiff in view of the limited burden imposed on the Defendant by the Preliminary Injunction and the potential for irreparable harm to Plaintiff should the Defendant utilize confidential information to solicit additional customers.

The Case does not involve a public interest that favors either side.

The Court, therefore, concludes that it should issue, and shall issue, a narrowly tailored Preliminary Injunction

For the foregoing reasons:

1.   Plaintiff's Motion For Preliminary Injunction is GRANTED.

2.   A Preliminary Injunction shall issue by separate Order.

SO ORDERED, this Friday, August 29, 2014.


                                    /s/
                              _____
                              Marvin J. Garbis
                         United States District Judge

3